## ENIS GALLO v. BENEDICTINE SISTERS BENEVOLENT ASSOCIATION.[1]

November 16, 1934.

No. 30,023.

[1]Reported in 257 N. W. 336.

*Baldwin, Holmes, Mayall & Reavill,* for appellant.
*Leonard McHugh* and *P. A. Burke,* for respondent.

*LORING, Justice.*

Appeal from an order of the district court of St. Louis county denying defendant's motion for judgment notwithstanding the verdict or for a new trial.

The defendant owns and operates the Villa Sancta Scholastica, a private institution of learning for girls in the city of Duluth. Plaintiff, a girl 21 years of age and a senior student in the school, was injured while sliding on a toboggan on the driveway leading from Kenwood avenue to the school.

The school buildings are located at the top of a hill about a quarter of a mile west of Kenwood avenue, and are reached from that avenue by a hard-surfaced road 24 feet in width, running directly west from the street. From the school buildings this road descends, at what angle the record does not show, toward Kenwood avenue.

During the summer of 1932 defendant, pursuant to a plan to improve the area abutting the road, placed pegs or stakes along the edges of the road, at intervals of about 50 feet and 12 feet from the center line. These stakes were made of cedar, were about three inches long, and were from one-half to three-quarters of an inch thick. They were placed in the ground at the extreme edges of the road and extended above the ground about one and one-half to two inches.

January 21, 1933, plaintiff planned to go tobogganing with a friend at near-by Chester Park, where regular toboggan slides were maintained. For that purpose she requested the use of one of the toboggans owned by the school and was given permission by the prefect to whom she was responsible. She took the toboggan to

the road, which was kept free of snow to a width of 30 feet by a motor plow. The record indicates that there was some ice on the roadway. At a point near the top of the hill plaintiff lay face down on the toboggan and commenced to descend the hill. Sliding down the southerly side of the road the toboggan encountered an obstacle which plaintiff now asserts was one of the stakes placed there the previous summer. It is her claim that, with the intention of avoiding contact with other stakes, which she knew had been placed along the roadside, she endeavored to guide the toboggan, but immediately hit a second and third peg, lost control, and hit a tree a few feet off the road.

Plaintiff testified that in previous years she had used this road for a toboggan slide and that other students had used the golf course on the school premises for tobogganing, but there is no showing in the record of any knowledge or acquiescence on the part of the school that the road was used for that purpose.

Defendant contends that the testimony is conclusive that all the stakes had been removed prior to the accident, either by one of the workmen or by the snow plow. While the evidence as to the presence of any stakes on the road's edge is unsatisfactory, we need not here decide that point. Assuming that the stakes were in the ground and plaintiff struck them and as a consequence suffered injury, we still find no negligence on the part of the defendant.

Mr. Justice Mitchell, in the case of Christianson v. C. St. P. M. & O. Ry. Co. 67 Minn. 94, 97, 69 N. W. 640, 641, after pointing out the distinction between "negligence" and "proximate cause," states the following rule:

"If a person had no reasonable ground to anticipate that a particular act would or might result in any injury to anybody, then, of course, the act would not be negligent at all."

An examination of the authorities shows that this is a long established and well settled doctrine. The opinion in the Christianson case amplifies the rule with this language [67 Minn. 97]:

"If the act is one which the party ought, in the exercise of ordinary care, to have anticipated was liable to result in injury to

others, then he is liable for any injury proximately resulting from it, although he could not have anticipated the particular injury which did happen."

In the case at bar none of the pegs were over three inches in length and extended not over two inches above the surface of the ground. The higher above the surface of the road's edge the pegs extended the less securely were they imbedded in the ground. On the other hand, the more securely the stakes were imbedded in the ground the shorter the protrusion above the ground. Many of the stakes had been removed during the winter by one of the workmen by simply kicking them out of the ground, and he testified that he had no trouble in removing the pegs in that manner. The road was used for vehicular and pedestrian traffic, and the pegs were placed along the extreme edge of it where, having in mind the uses to which the road was put, a person of ordinary prudence could hardly anticipate injury to anyone. Applying the rule laid down in the Christianson case, we come, therefore, to the conclusion that there was no negligence on the part of the defendant.

The cases cited by respondent in which there have been obstructions placed in paths or sidewalks and the presence of such obstructions held to constitute negligence on the part of those having the duty to maintain a safe thoroughfare are not in point. In those cases the obstructions were of a character and in a position to be a menace to the safety of those using the thoroughfare for the purposes for which it was designed.

The order is reversed with directions to the trial court to enter judgment in favor of defendant notwithstanding the verdict of the jury.